D. M. SYLVESTER & DI PAOLO CONSTRUCTION COMPANY, PLAINTIFF-APPELLANT, v. NORTH RANDALL (VILLAGE), DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26506.  Decided December 12, 1963.

Mr. *Paul Mancino*, for plaintiff-appellant.

Mr. *Joseph A. Zingales*, law director, and Mr. *Michael P. O'Brien*, for defendant-appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment entered by the Court of Common Pleas of Cuyahoga County against the plaintiff upon a part of its petition wherein plaintiff claimed as due it from the defendant the sum of $2061.36 upon a contract for the installation of a water line.

From the record it appears that on October 10, 1955, the defendant village awarded to the plaintiff contractor a contract for the installation of a water line and underground improvements according to plans, specifications, and profiles furnished by the village and upon which plaintiff's bid was accepted. All formalities provided by law were complied with, the contract was duly executed and plaintiff's performance bond furnished. The contract price for the work was $10,545.00.

After the contractor commenced his work and during the performance thereof, it became apparent to the contractor and the engineer in charge of the job for the village that on the precise job site for the water main and directly in its path there had been installed a gas line and concrete aprons of driveways, making it impossible for the contractor to perform

the job according to plans and specifications without added expense to overcome these obstacles.

It should be noted that the plans, specifications, and profiles furnished by the village upon which the bid by the contractor was based did not reflect the presence of either the gas line or concrete driveway aprons, the gas line and aprons having been installed after the drawings were made.

In a conference with the engineer in charge, the contractor advised him that to perform the contract as originally contemplated it would be necessary to remove the gas line and reinstall it after the water line was in place and to remove the concrete aprons or tunnel underneath them. Thereafter the engineer conferred with the Mayor of the village in this regard, followed by another conference with the contractor, wherein it was agreed that the contractor should proceed to do whatever extra work would be necessary to perform the work in accordance with the plans and specifications and that he was to submit the extra costs for materials and labor to the engineer for his approval and that he would be paid therefor, and said engineer authorized the contractor to proceed with the job.

The contractor proceeded with and finished the job on December 15, 1955. In April, 1956, a final estimate was made by the engineer for the village, including the charges made for the extras and a copy mailed to the contractor. A supplemental agreement as to said extra work was prepared and approved by the engineer and signed by the plaintiff who, on March 18, 1957, had a bond executed for said extra work.

On July 3, 1959, following a refusal of the village to pay to the contractor the money due as the balance upon the prime contract and the amount certified by the engineer as the reasonable cost of $1227.36 of the extra work and materials involved, totaling $2061.36, a suit was filed for the sum of $2061.36 with interest at six per cent from April 6, 1956.

The case was tried to the court, a jury having been waived, and after submission thereof, upon timely application by plaintiff, the court filed separate findings of fact and conclusions of law.

Upon the trial of the cause, as disclosed by its findings and conclusions, the trial court separated plaintiff's cause of action

into two separate issues. Issue No. 1: Is the plaintiff entitled to recover $834.00, the balance due upon the original contract? The court found in favor of the plaintiff upon this issue and rendered judgment for the sum of $834.00 with interest at six per cent from April 6, 1956. That part of the court's judgment is not involved in this appeal.

Issue No. 2: Was there a supplemental agreement as to the extra work performed upon which plaintiff alleges is due it in the sum of $1227.36? Upon this issue the court found in favor of the defendant and against the plaintiff. From this part of the judgment plaintiff appeals and claims, in the main, that the same is contrary to law.

The initial contract herein as to extra work provides as follows:

"*Extra Work*

"Any extra work not originally contemplated under this contract and which in the opinion of the engineer, seems desirable or necessary, shall be performed by the contractor, but only subsequent to and in accordance with an agreement covering the work to be done and the prices to be paid therefor."

The factual situation as developed in the record before us makes clear that (1) there was no alteration, modification or deviation from the plans and specifications upon which the original contract was based and that the contractor fully performed that which he contracted to do; (2) that the plans, specifications, and profiles upon which this contract was bid and accepted did not reflect the presence of the gas line and concrete driveway aprons which were installed after the drawings upon which contract or bid were drawn and (3) that because of this error, over which the contractor had no control, there was imposed upon the contractor through the fault of the village the additional burden of overcoming the obstacles placed in his path, not by any alteration or modification of the original planned job, but by added expense for labor and material to carry out the objective of the original contract.

We, therefore, refer to and analyze the provisions relating to "extra work" above set forth. It is clear that the extra work due to this error was "not originally contemplated under this contract;" that upon being disclosed to the engineer it was

"in the opinion of the engineer * * * necessary,"; that the provision provides the work "shall be performed by the contractor," and the provision states, "but only subsequent to and in accordance with an agreement covering the work to be done and the prices to be paid therefor."

This provision does not say that such agreement must be in writing, nor does it say that it must be reviewed by the village council. It is further to be noted that such extra work by the above section need not be advertised or let by bids, but it does say that when such work is deemed necessary by the engineer the work *shall be performed by the contractor*. This latter clause in our opinion completely negatives any suggestion that such extra work is to be the subject of advertising or bids open to any contractor or bidder other than the one on the job.

The only question remaining is as to the last clause of the extra work provision in said contract, "but only subsequent to and in accordance with an agreement covering the work to be done and the price to be paid therefor." From the record it is apparent that the engineer, having been consulted by the contractor and after consultation with the Mayor, authorized the contractor to proceed to do the work on a reasonable time and material basis. The work was done and the engineer certified the amount due the contractor in the sum of $1227.36. Since the provision does not designate the identity of the person or authority with whom the agreement is to be made, nor does it require a written agreement but constitutes the engineer as the person whose decision is necessary to order the work done, if in his opinion it is necessary, it is our view and we so hold that this was sufficient compliance with the provision. We further hold that under the facts in this case, the village, having the benefit of the contractor's work and labor, should pay this claim.

Judgment reversed and final judgment entered for the appellant in the sum of $1227.36, with interest from April 6, 1956.

Exceptions. Order see journal.

KOVACHY, P. J., ARTL and CORRIGAN, JJ., concur.